# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS MORRIS,<br><br>             Plaintiff,<br><br>     v.<br><br>RUSSELL YOUNG, et al.,<br><br>             Defendants. | CV 12-0687 DMG (FMOx)<br><br>**ORDER RE: PARTIES' PROPOSED PROTECTIVE ORDER** |

The court has received and considered the parties' "Stipulated Protective Order" ("Protective Order"). The court is unable to adopt the Protective Order as stipulated to by the parties for the following reasons.

First, the parties' statement of good cause is insufficient. (See Protective Order at 1). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." Phillips ex rel. Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002); see also Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003) ("A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted."); Makar-Wellbon v. Sony Elecs., Inc., 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing). The proposed Protective Order must set forth the specific prejudice or harm that will result to each party if the Protective Order is not granted as to the categories of documents or information the parties seek to protect. The

statement of good cause should be preceded by a heading entitled, "GOOD CAUSE STATEMENT."

Second, once a case proceeds to trial, all of the information that was designated as confidential and/or kept and maintained pursuant to the terms of a protective order becomes public and will be presumptively available to all members of the public, including the press, unless good cause is shown to the district judge in advance of the trial to proceed otherwise. The court will not enter a protective order that extends beyond the commencement of trial. (See Protective Order at ¶¶ 13-14).

Third, the court will not return any documents from its files to the "producing party" for disposition. (See Protective Order at ¶ 14).

Finally, "the fact that a protective order has not been entered in this case . . . does not excuse the parties from fully complying with all discovery requests." Murphy v. Continental Tire N. Am., Inc., 2010 WL 3260183, at *2 (C.D. Cal. 2010); see also Garcia v. Almieda, 2006 WL 3001171, at *4 (E.D. Cal. 2006) ("[F]iling a motion for a protective order does not work to immediately shield the moving party from the [duty to appear at a] deposition."); Schwarzer, Tashima & Wagstaffe, Cal. Practice Guide: Fed. Civ. Pro. Before Trial ¶ 11:1166 (The Rutter Group 2012) ("The mere fact that a motion for protective order is pending does not itself excuse the subpoenaed party from making discovery[.]").

Dated this 17th day of October, 2012.

                                                _____/s/_____
                                                        Fernando M. Olguin
                                                  United States Magistrate Judge