1  **DOUGLAS A. LINDE, ESQ. (SBN 217584)(dal@lindelaw.net)**
   **ERICA ALLEN, ESQ. (SBN 234922)(ela@lindelaw.net)**
2  **THE LINDE LAW FIRM**
   **9000 Sunset Boulevard, Ste. 1025**
3  **Los Angeles, California  90069**
   **(310) 203-9333;  (310) 203-9233 FAX**
4

5  Attorneys for Plaintiff,
6  DENNIS MORRIS

7

8               UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10

11  DENNIS MORRIS                    )   Case No. CV 12-687 DMG (FMOx)
                                     )   Honorable Fernando M. Olguin
12            Plaintiff,             )   Complaint Filed: January 26, 2012
                                     )
13                                   )
                                     )
14       v.                          )
                                     )   [~~PROPOSED~~] STIPULATED
15  RUSSELL YOUNG, and DOES 1        )   PROTECTIVE ORDER
    though 10, inclusive,            )
16                                   )
                                     )
17            Defendants.            )
                                     )
18  _____   )

19

20

21  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

22       BASED UPON THE STIPULATION OF THE PARTIES AS INDICATED

23  BELOW, AND GOOD CAUSE APPEARING, as set forth at page 3 of the Stipulation

24  and Protective Order filed on November 1, 2012 (Document No. 19), IT IS HEREBY

25  ORDERED that any person or party subject to this Order – including without limitation

26  the parties to this action, their representatives, agents, experts and consultants, all third

27

28

parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms:

1.   **Overview:**  Any person or party subject to this Order who receives from any other person or party any information of any kind provided in the course of discovery in the action (hereinafter "Discovery Material") that is designated as "Confidential" and/or "Confidential/Attorneys' Eyes Only" pursuant to the terms of this Order (hereinafter, the "Confidential Information" or "Confidential Discovery Material") shall not disclose such Confidential Information to anyone else except as expressly permitted hereunder.

2.   **Material Designated As "Confidential":**  The person or party disclosing or producing any given Discovery Material may designate as "Confidential" such portion of such material as consists of any commercially sensitive and/or confidential financial or business information, such as purchase records, sales records, item profitability reports, pricing methods, and confidential nonpublic contracts.  The parties, or some of them, request protection of such information on the grounds that said information is not ordinarily available to the public, that said information, if disclosed, could be harmful to the parties, or any of them, that said information, if disclosed, could be helpful to the competitors of the parties, or any of them, and that said information therefore requires special protection from disclosure pursuant to F.R.C.P. 26(c).

3.    **Disclosure Of "Confidential" Materials:**  No person or party subject to the Order other than the producing person or party shall disclose any of the Discovery Material designated by the producing person or party as "Confidential" to any other person whomsoever, except to:

(a)    the parties to this action and Protective Order, including their employees and former employees;

(b)    in-house (or corporate) legal counsel, and outside attorneys retained specifically for this action, and fellow employees of each such attorneys' law firms to whom it is reasonably necessary to disclose such Confidential Discovery Material;

(c)    its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d)    any employee or agent, or former employee or agent, of any sender or recipient of the document (e.g. where a Purchase Order from Company A to Company B is produced in litigation by Company A, said document may be disclosed to employees or agents of Company B under the terms of this Protective Order).

(e)    any person retained by a party to serve as an expert witness or otherwise providing specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f)     stenographers engaged to transcribe depositions conducted in this action and their support personnel;

(g)     the Court and its support personnel;

(h)     any mediator or settlement officer, whom the parties have elected or consented to preside over the case; and

(i)     as required by law or court order upon notice to the designating party sufficiently in advance of such disclosure to permit it to seek a protective order.

4.     **Material Designated As "Confidential/Attorneys' Eyes Only":** The person or party disclosing or producing any given Discovery Material may designate material as "Confidential/Attorneys' Eyes Only" only if the material meets the definition of Confidential, pursuant to Section 2 above.  A party may not mark documents as "Confidential/Attorneys' Eyes Only" in order to keep the documents from any other party, if the two parties are represented by the same attorneys in this matter.

5.     **Disclosure Of "Confidential/Attorneys' Eyes Only" Material:** No person or party subject to this Order other than the producing person or party shall disclose any of the Discovery Material designated by the producing person or party as "Confidential/Attorneys' Eyes Only" to any other person whomsoever, except to:

a)     outside attorneys retained specifically for this action, and fellow employees of each such attorneys' law firms to whom it is reasonably necessary to disclose such Confidential Discovery Material;

b)      outside experts and outside consultants (including their employees or clerical assistants) who are employed, retained or otherwise consulted by a party or its attorneys for the purpose of analyzing data, conducting studies or providing opinions to assist, in any way, in this litigation and to whom it is reasonably necessary to disclose such Confidential Discovery Material, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

c)      the party producing said documents and persons affiliated with the party producing said documents, including the producing party's employees and former employees (provided such former employee has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto), during the time they are testifying in deposition or at trial, or in connection with written discovery requests;

d)      Any employee or agent of any sender or recipient of the document, such as the parties' employees and former employees (e.g. where a Purchase Order from Company A to Company B is produced in litigation by Company A, said document may be disclosed to employees or agents of Company B under the terms of this Protective Order);

e)      stenographers engaged to transcribe depositions conducted in this action;

f)      the Court and its support personnel;

g)     any mediator or settlement officer, whom the parties have elected or consented to preside over the case, and/or

h)     as required by law or court order upon notice to the designating party sufficiently in advance of such disclosure to permit it to seek a protective order.

6.     **Deposition Transcripts:**  With respect to the Confidential potion(s) of any Discovery material other than deposition transcripts and exhibits, the producing person or party or that person's or party's counsel may designate such portion(s) as "Confidential" or "Confidential /Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Confidential/Attorneys' Eyes Only" the protected portion(s) in a manner that will not interfere with legibility or audibility.  With respect to deposition transcripts and exhibits, a producing person or party or that person or party's counsel may indicate on the record that a question calls for Confidential Information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

7.     **Documents Under Seal:**  The designation of documents or information as "Confidential" or "Confidential/Attorneys' Eyes Only" creates no entitlement to file such documents or information under seal.  Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file materials under seal.

8.    **Separate Non-Disclosure Agreements:**  Prior to any disclosure of any Confidential Discovery Material to any person referred to in paragraph 3a, 3b, 3d, 3e, 5a, 5b, 5 c and/or 5d above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form agreed to by the Parties, stating that that person has read this Order and agrees to be bound by its terms.  Said counsel shall retain each signed Non-Disclosure Agreement, maintain custody of it, and upon request produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9.    **Failure To Designate:**  If at any time prior to the trial of this action, a producing person or party realizes that some portion(s) of Discovery Material that that person or party previously produced without limitation should be designated as "Confidential" and/or "Confidential /Attorneys' Eyes Only", they may so designate by so apprising all parties in writing, and providing said parties with appropriately marked copies of said Discovery Material, where possible, and such designated portion(s) of the Discovery Material will thereafter be treated as "Confidential" and/or "Confidential/Attorneys' Eyes Only" under the terms of this Order.

10.    **Designations In Good Faith:**  "Confidential" and/or "Confidential/Attorneys' Eyes Only" material shall only include information which the designating party in good faith believes will, if disclosed, have the effect of causing

1   harm to its competitive position or is of a sensitive nature that is not material to an

2   evaluation of settlement.  "Confidential" and/or "Confidential/Attorneys' Eyes Only"

3
4   material shall not include information that (a) was, is or becomes public knowledge, not

5   in violation of this Protective Order or any other obligation of confidentiality, or (b) was

6   or is acquired from a third party having no direct or indirect obligation of
7
8   confidentiality to the designating party.

9       11.   **Objections To Designations:**  Any party who either objects to any

10  designation of confidentiality, or who, by contrast, requests still further limits on
11

12  disclosure (such as in camera review in extraordinary circumstances), may at any time

13  prior to the trial of this action serve upon counsel for the designating person or party a

14
15  written notice stating with particularity the grounds of the objection or request.  If

16  agreement cannot be reached promptly, counsel for the objecting party may seek

17  appropriate relief from the Court in accordance with Local Rule 37 and the party
18
19  asserting confidentiality shall have the burden of providing same.  Should the Court

20  determine a designation of confidentiality was not made in good faith, the objecting

21  party shall be entitled to recovery of reasonable attorneys fees and costs in connection
22
23  with bringing the Motion to object to any designation of confidentiality.  If a party

24  disagrees with or challenges the grounds or basis for the designation of any document

25  or information as Confidential Material, that party nevertheless shall treat and protect

26
27  such material as Confidential Material in accordance with this Protective Order unless

28

and until all parties shall have agreed in writing, or an order of the Court shall have been entered, that provides that such challenged Confidential Material may be used or disclosed in a manner different from that specified for Confidential Material in this Protective Order.

12.      **Use At Trial:**  Documents designated "Confidential" and/or "Confidential/Attorneys' Eyes Only" may be used by any party without limitation at trial.  However, any party who wishes to have such documents treated as "Confidential" and/or "Confidential/Attorneys' Eyes Only" may renew their request for confidentiality before the trial judge at the status conference and/or through a motion in limine.

Once a case proceeds to trial, all of the information that was designated as Confidential" and/or "Confidential/Attorneys' Eyes Only" and/or kept and maintained pursuant to the terms of this Order becomes public and will be presumptively available to all members of the public, including the press, unless good cause is shown to the district judge in advance of the trial to proceed otherwise.  No portion of this Order shall be read to extend beyond the commencement of trial.

13.      **Continuing Jurisdiction:**  This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

14.   ·   **Obligations Upon Termination Of Litigation:**  Subject to Paragraph 12, this Protective Order shall survive the termination of the litigation.  Within 30 days

of the final disposition of this action, including all appeals, the producing party may require that all Discovery Materials designated as "Confidential," and/or "Confidential/Attorneys' Eyes Only" and all copies thereof, that have not been annotated, illuminated or otherwise "marked-up" to be promptly returned to the producing person or party (at the producing person's expense), or shall be destroyed. All documents marked "Confidential," and/or "Confidential/Attorneys' Eyes Only" that have been annotated, illuminated or otherwise "marked-up" shall not be returned, but shall be destroyed.  The court and court personnel are exempt from the requirements set forth in this Paragraph.

15.    **Further Modifications:** Any party to this action may, at any time, request the modification of this Protective Order, upon a noticed motion, unless emergency relief is appropriate, and upon a showing of good cause.

**IT IS SO ORDERED.**

Date:  11-8-12                                   _____
                                                 Hon. Fernando M. Olguin
                                                 United States Magistrate Judge

1
2

## EXHIBIT A
## NON-DISCLOSURE AGREEMENT

3
4
5
6
7
8
9
10
11

I understand that access to information designated as CONFIDENTIAL or

CONFIDENTIAL - ATTORNEYS EYES ONLY is provided to me under the terms and

restrictions of a Stipulation and Protective Order.  I have received a copy of the

Stipulation and Protective Order, have read it, and agree to be bound by its terms.  I will

not mention, disclose, or use information designated as CONFIDENTIAL

INFORMATION or CONFIDENTIAL - ATTORNEYS EYES ONLY that is provided

to me in connection with this action except as permitted by the Stipulation and

Protective Order.

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Dated: _____

Signature: _____

Print Name: _____

Title: _____

Company: _____